IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH P. ALLEN, IV, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-mc-00008 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BROWN ADVISORY, LLC, et al., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

In this miscellaneous action, Brown Advisory, LLC, and Brown Investment Advisory & Trust Company (collectively, "Brown Advisory") have moved to compel a non-party attorney, Peter B. Work, to comply with a subpoena duces tecum served in this jurisdiction in connection with an action pending in the United States District Court for the Southern District of Indiana. The court held a hearing on the motion via teleconference on September 9, 2020. For the following reasons, the motion to compel will be denied without prejudice to refiling.

**Background**

Brown Advisory is an investment firm located in Baltimore, Maryland. Dr. Joseph P. Allen, IV ("Joseph Allen") is a client of Brown Advisory who owns two financial accounts with the firm. Since April 2019, Brown Advisory has been caught in the middle of a dispute among Joseph Allen, his daughter, Elizabeth Key, and his brother, Dr. David T. Allen ("David Allen"), concerning Joseph Allen's mental competency to manage his financial affairs and the validity of various durable powers of attorney executed between 2013 and 2019. With respect to Brown Advisory, Joseph Allen and his family members dispute whether his daughter or brother may validly exercise control over his investment accounts.

The dispute prompted Brown Advisory to filed an interpleader action in the United States District Court for the District of Maryland on August 14, 2019 (the "Maryland Interpleader Action"). On October 1, 2019, Joseph Allen filed a related action against Brown Advisory in the Circuit Court of Montgomery County, Indiana, where Joseph Allen now resides (the "Indiana Action"). Brown Advisory removed the Indiana Action to the Southern District of Indiana. Both the Indiana Action and the Maryland Interpleader Action remain pending.

During the course of discovery in the underlying litigation, Brown Advisory obtained documents referencing Mr. Work's association with Joseph Allen. On May 28, 2020, Brown Advisory served Mr. Work with a subpoena duces tecum directing him to produce nine categories of documents, including documents and communications between Mr. Work and Joseph Allen pertaining to Brown Advisory and documents and communications between Mr. Work and David Allen pertaining to Brown Advisory. The subpoena was served at Mr. Work's home address in Madison County, Virginia, and it directed him to produce the requested documents at Brown Advisory's counsel's office in Charlottesville, Virginia.

By letter dated June 8, 2020, Mr. Work objected to the subpoena on the basis that it called for the production of documents protected by the attorney-client privilege and/or the work-product doctrine. Mr. Work explained that he had known Joseph Allen and David Allen (collectively, the "Allen Brothers") since the 1950s and that they had asked to meet with him in January of 2019 to discuss various legal issues, at which time Mr. Work agreed to provide legal advice on a pro bono basis. Mr. Work further asserted that his attorney-client relationship with the Allen Brothers remained ongoing and that nearly all of the documents that he had received or generated in the course of advising the Allen Brothers would be protected from disclosure.

Following further communications with Mr. Work, Brown Advisory filed the instant motion to compel on July 27, 2020. In response to the motion, Mr. Work submitted declarations from himself, Joseph Allen, and David Allen. The declarations indicate that Mr. Work has spent hundreds of hours representing the Allen Brothers on a pro bono basis since January 2019 and that the scope of their attorney-client relationship includes the pending litigation with Brown Advisory. Work argues that Brown Advisory's attempt to subpoena documents from an attorney representing an opposing party is improper and that Brown Advisory has made no effort to satisfy the test first established in <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986). <u>See</u> <u>Pamida, Inc. v. E.S. Originals, Inc.</u>, 281 F.3d 726, 729 (8th Cir. 2002) ("In <u>Shelton</u>, we cautioned against the potential problems caused by deposing opposing counsel and developed a three-prong test that a party must satisfy in order to depose the opposition's attorney. A party must show that '(1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case.'") (quoting <u>Shelton</u>, 805 F.2d at 1327) (internal citations omitted).

In reply, Brown Advisory contends that the <u>Shelton</u> test is inapplicable because Mr. Work is "neither counsel of record for any individual nor in-house litigation counsel for a corporate entity." Reply Br. 6, ECF No. 9. To the extent that Mr. Work continues to withhold documents based on the attorney-client privilege, Brown Advisory argues that he should be required to produce a privilege log pursuant to Rule 45 of the Federal Rules of Civil Procedure.

## **Discussion**

Rule 45 governs the issuance of third-party subpoenas. The Rule permits parties in a pending civil action to command a non-party to attend a deposition or in-court proceeding, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(c). A person

commanded to produce documents may serve a written objection on the party or attorney designated in the subpoena. Fed. R. Civ. P 45(d)(2)(B). "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Id.

Unlike many third-party subpoenas, the subpoena at issue in this case was served on an attorney who represents an opposing party. When discovery is sought from counsel for an opposing party, additional threshold considerations come into play. Although the United States Court of Appeals for the Fourth Circuit has not formally adopted the Shelton test, district courts within the circuit have "rather uniformly" applied it when determining whether to allow the deposition of an opposing party's counsel. Ford Motor Co. v. Nat'l Indem. Co., No. 3:12-cv-00839, 2013 U.S. Dist. LEXIS 102985, at *6 (E.D. Va. July 23, 2013) (collecting cases); see also McAirlaids, Inc. v. Kimberly-Clark Corp., No. 7:13-cv-00193, 2014 U.S. Dist. LEXIS 200135, at *14 (W.D. Va. Oct. 29, 2014) (finding it appropriate to apply the Shelton test after surveying other district court decisions within the Fourth Circuit). District courts have also found it appropriate to apply the Shelton test to document subpoenas served on counsel for an opposing party, reasoning that "document requests are the substantial equivalent of depositions for these purposes and are just as problematic as the deposition requests, and for the same reasons." Rygg v. Hulbert, No. 2:11-cv-01827, 2013 U.S. Dist. LEXIS 9182, at *4 (W.D. Wash. Jan. 23, 2013); see also Monster Energy Co. v. Vital Pharm., Inc., No. 5:18-cv-01882, 2020 U.S. Dist. LEXIS 87320, at *23–24 (C.D. Cal. Mar. 20, 2020) ("[B]ecause there is present, on-going litigation, because discovery sought from opposing counsel is universally disfavored, and because the consensus among courts is to apply the heightened standard from Shelton, the Court will do so here."); XTO Energy, Inc. v. ATD, LLC, No. 1:14-cv-01021, 2016 U.S. Dist. LEXIS 57050, at

*103 (D.N.M. Apr. 1, 2016) ("Courts in the Tenth Circuit have applied the Shelton test's reasoning to subpoenas duces tecum, because the use of a subpoena duces tecum to attempt to obtain opposing counsel's documents and files is equally improper and may be more burdensome than merely attempting to obtain testimony.") (internal quotation marks and citation omitted).

Upon review of the record and applicable caselaw, the court finds it appropriate to apply the Shelton test in this case. The declarations submitted by Mr. Work establish that he has been actively representing the Allen Brothers in connection with the issues raised in the Indiana Action and the Maryland Interpleader Action. Although Mr. Work has not formally appeared in either action, courts have held that an attorney need not be counsel of record in order to trigger the Shelton test. See Konecranes Global Corp. v. Mode Tech (Beijing) Co., Ltd., No. 2:19-mc-00041, 2020 U.S. Dist. LEXIS 106407, at *6 (S.D. Ohio June 17, 2020) (rejecting the argument that an attorney who was not listed as counsel in the underlying litigation should not be treated as opposing counsel for purposes of evaluating the merits of a subpoena under Shelton); Monster Energy Co., 2020 U.S. Dist. LEXIS 87320, at *31 (applying Shelton in determining whether to quash subpoenas served on non-parties who "previously represented" the plaintiff and were not "current counsel"); Villaflor v. Equifax Info. Servs., LLC, No. 3:09-cv-00329, 2010 U.S. Dist. LEXIS 83314, at *7 (N.D. Cal. July 22, 2010) (finding it appropriate to apply the Shelton test where the target of the subpoena was "not counsel of record" but had an attorney-client relationship with the plaintiffs that implicated many of the same concerns raised in Shelton). As in the foregoing cases, Mr. Work has an attorney-client relationship with the Allen Brothers, and he has provided legal advice and assistance on matters related to the pending litigation. See, e.g., Br. Opp'n Mot. Compel 5–8, ECF No. 8 (summarizing legal services performed since January of

2019).  Accordingly, the court will apply the Shelton test in determining whether to enforce the subpoena served on Mr. Work, even though he is not counsel of record in either federal action.

Under the Shelton framework, the party responsible for issuing the subpoena bears the burden of showing that compliance should be required.  805 F.2d at 1327.  Brown Advisory has not yet attempted to satisfy this initial burden.  Unless and until Brown Advisory adequately addresses the Shelton factors, Mr. Work will not be required to provide any further response to the subpoena.  See Rygg, 2013 U.S. Dist. LEXIS 9182, at *5 ("It is Plaintiffs' burden to satisfy Shelton to show that discovery [from Defendants' attorneys] is justified.  Defendants need to satisfy the burdens associated with asserting privilege only after it is determined that discovery is otherwise permissible.") (emphasis added).

## Conclusion

For the reasons stated, Brown Advisory's motion to compel will be denied without prejudice to refiling within thirty days.  If Brown Advisory elects to refile the motion, it must be accompanied by a brief and/or declaration addressing each of the Shelton factors.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This __17th__ day of September, 2020.

                                      /s/ Glen Conrad  
                                      Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH P. ALLEN, IV, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-mc-00008 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BROWN ADVISORY, LLC, et al., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

For the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED**

that that the defendants' motion to compel, ECF No. 1, is **DENIED** without prejudice to refiling within thirty days.

The Clerk is directed to send copies of this order and the accompanying memorandum opinion to all counsel of record.

DATED: This  17th  day of September, 2020.

_____
Senior United States District Judge